# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2009

Charles R. Fulbruge III
Clerk

No. 07-51164
c/w Nos. 07-51165, 07-51171, 07-51172, 07-51177, 07-51178, 08-50132

In The Matter Of: NOTRE DAME INVESTORS, INC

                                        Debtor

-------------------------------

WILSON REFINING LP

                                        Appellant

v.

NOTRE DAME INVESTORS, INC

                                        Appellee

In The Matter Of: NOTRE DAME INVESTORS, INC

                                        Debtor

-------------------------------

WILSON REFINING LP

                                        Appellant

v.

EUROPEAN ALLIED COMMERCE, LTD

                                        Appellee

No. 07-51164

---

Appeals from the United States District Court
for the Western District of Texas
No. 5:06-CV-762

---

Before KING, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

In case number 07-51164, Wilson Refining, L.P. ("Wilson") appeals the district court's Order Granting Appellee Notre Dame Investors, Inc.'s Motion to Dismiss Appeal from Order Denying Relief from Automatic Stay Pending Arbitration and Denying Wilson Refining, L.P.'s Motion to Disqualify. In the motion for relief from automatic stay, which was denied by the bankruptcy court, Wilson sought relief from the stay so that it could liquidate its claim against Notre Dame Investors, Inc. ("NDI") in arbitration. In case number 08-50132, Wilson appeals the bankruptcy court's order denying its application for post-petition attorneys' fees, which was affirmed by the district court. For the reasons stated below, we affirm the orders in both cases.

On August 10, 2006, the bankruptcy court confirmed the plan of reorganization in NDI's Chapter 11 case. Wilson did not appeal the bankruptcy court's confirmation order. Article 2.04 of the confirmed plan, which defines Class Four to include general unsecured claims, states: "This class of creditors specifically includes the Allowed Claims of Wilson Refining, as finally approved by the court." Pursuant to Article 12.01 of the plan, the bankruptcy court retained jurisdiction to "classify, allow or disallow Claims under the Plan and to hear and determine any controversies pertaining thereto" and "to liquidate or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

estimate damages in connection with any contingent or unliquidated claim."[1] Article 13.02 of the plan states, in relevant part, that "the consideration distributed under the Plan shall be in complete satisfaction, release and discharge of the Debtor and its assets from all claims of any creditor or interest holder, including claims arising prior to the Effective Date." On October 16, 2006, the bankruptcy court held a hearing on NDI's objection to Wilson's claim and valued Wilson's claim in the amount of $2 million, plus interest and fees.[2] NDI has paid, and Wilson has accepted, the full value of this allowed claim.

The district court dismissed Wilson's appeal as equitably moot, finding that the plan had been substantially consummated and that granting Wilson's requested relief would affect third-party rights under the plan. We agree that this appeal should be dismissed, but we reach this conclusion based on res judicata principles, not equitable mootness.[3]

Res judicata requires the following four elements: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases. Eubanks v. Fed. Deposit Ins. Corp., 977 F.2d 166, 169 (5th Cir. 1992). A bankruptcy court's confirmation order is a final judgment for purposes of res judicata. Republic Supply Co. v. Shoaf, 815 F.2d 1046, 1054 (5th Cir. 1987). The

---

[1] Similar language appears in the confirmation order, which states that the bankruptcy court retains jurisdiction "to classify, allow or disallow Claims and direct distribution of funds under the Amended Plan, and to hear and determine any controversies pertaining thereto."

[2] Subsequently, Wilson applied for attorneys' fees as part of this allowed claim. The bankruptcy court approved the pre-petition attorneys' fees but disallowed the post-petition attorneys' fees. This decision was separately appealed in case number 08-50132.

[3] Although the district court did not rule on the issue of res judicata, it was raised by NDI in the context of its equitable mootness argument in both its motion to dismiss and its accompanying brief. Wilson addressed the issue in its response to the motion to dismiss.

confirmed plan itself is final and binding against all creditors pursuant to 11 U.S.C. § 1141(a) and (d). See also Eubanks, 977 F.2d at 170–71.

Here, all of the elements of res judicata are satisfied: (1) Wilson and NDI were both parties before the bankruptcy court at the confirmation hearing and the hearing on the objection to the claim; (2) Wilson does not argue that the bankruptcy court was incompetent to value its claim, only that it was an abuse of discretion for the court to refuse to send the issue to arbitration; (3) the plan and confirmation order are final judgments discharging Wilson's claim after it accepted the distribution payment; and (4) all the issues raised by Wilson on appeal relate to the discharged claim against NDI and could have been raised at the confirmation hearing or at the hearing on the objection to the claim.

Wilson wants to accept the $2 million distribution payment under the plan while continuing to pursue further recovery on the same claim. The plan, which is given the effect of a final judgment, provides that "the consideration distributed under the Plan shall be in complete satisfaction, release and discharge of the Debtor and its assets from all claims of any creditor or interest holder, including claims arising prior to the Effective Date." Thus, after Wilson accepted its $2 million distribution pursuant to the plan, its claim against NDI was discharged and it cannot continue to pursue further recovery on that claim in arbitration.

In case number 08-50132, Wilson appeals the bankruptcy court's denial of its application for post-petition attorneys' fees. Section 14.02 of the plan states that "[n]o attorneys' fees will be paid with respect to any Claim . . . except as specified herein or as allowed by a prior order of the Court." For the reasons articulated above, we find that the plan, combined with Wilson's acceptance of the distribution payment including the portion representing pre-petition

attorneys' fees, is res judicata as to the issue of whether NDI may recover post-petition attorneys' fees.[4]

For the foregoing reasons, we AFFIRM the district court's dismissal of Wilson's appeal from the bankruptcy court's order denying relief from the stay (case number 07-51164) and we AFFIRM the bankruptcy court's order denying Wilson's application for post-petition attorneys' fees (case number 08-50132).

---

[4] Wilson also appealed the district court's denial of its Motion to Disqualify counsel for NDI on the basis that such counsel was also acting as appellate counsel for a creditor. Because it dismissed the appeal relating to that creditor, the district court, in the same order, denied Wilson's motion to disqualify counsel as moot. We see no error.